GUTTERSON & a. v. MORSE & Tr.

| 58 | 529 |
| 69 | 70 |
| 69 | 396 |

In foreign attachment, the trustee is chargeable for proceeds received by him from his sale of the defendant's chattels which had been fraudulently and without consideration conveyed to him by the defendant.

The trustee is not chargeable for the defendant's chattels of which the trustee has a fraudulent bill of sale, but which were never in the trustee's posses sion, or which, having been in his possession, and having been returned to the defendant, were not in the trustee's possession when the attachment was made or afterwards.

The defendant's chattels, fraudulently conveyed by him to the trustee, but in the defendant's possession with a fraudulent pretence that he holds them as agent of the trustee, are not held by foreign attachment.

The trustee is not chargeable for an ox which was fraudulently conveyed to him by the defendant, and which died in the trustee's possession, when it does not appear that the plaintiff can, by trustee process, obtain anything of value from the dead animal.

FOREIGN ATTACHMENT. Question of the liability of the trustee. Facts found by a referee. The trustee received from the defendant a deed of his farm, and a bill of sale of personal property thereon, including a yoke of oxen. The deed and bill of sale were without consideration, and were made and received for the purpose of defeat ing the defendant's creditors. The defendant continued in the pos session of the farm and a large part of the personal property. All that was taken by the trustee was returned to the defendant before the writ was served on the trustee, except the oxen. While the oxen were in the trustee's possession, one of them died, and the trustee sold the other for $80. After the fraudulent conveyance by the deed and bill of sale, the farm was taxed to the trustee, and some of the personal property was sold for the payment of the taxes. The farm was encumbered by a lien for the support of certain persons, and the deed was made subject to the encumbrance. The trustee testified

that he and the defendant agreed that the defendant should remain on the farm, and use the personal property in carrying on the farm and supporting the lienors.

*Mugridge*, for the plaintiffs.

*A. F. L. Norris* and *Fowler*, for the trustee.

Doe, C. J. The sum of $80, received by the trustee for the ox he sold, is held by the attachment. *Pittsfield Bank* v. *Clough*, 43 N. H. 178. He is not chargeable for the property of which he did not have possession when the writ was served on him, or afterwards. Gen. St., *c.* 230, *s.* 28. When a trustee is adjudged chargeable for any specific articles in his possession, the execution, issued against the defendant, contains a precept to levy the same thereon; and if the trustee neglects or refuses to deliver the articles to the officer having the exscution, on request, execution is issued against him, upon notice, ae for his own debt, for the value thereof. Gen. St., *c.* 230, *ss.* 38, 39. He is required to deliver the articles to the officer, not because the duty of taking possession of them is imposed upon him by the service of the writ, but because, by the service of the writ attaching them in his possession, he is made trustee, and, for some purposes, his possession is made the custody of the law. By direct attachment, the plaintiffs, avoiding the bill of sale, might acquire a lien upon the property whether found in the defendant's or the trustee's possession. In this process of foreign attachment, the trustee can be required to give up property of which the attachment made him legal custodian, and of which he has no title or right of possession that he can assert against the plaintiffs : but he cannot be required to give up what he never had, or what, being returned to the defendant before the attachment, has remained in the defendant's possession.

The plaintiffs contend that the defendant carried on the farm as agent of the trustee, and that the defendant's possession of the farm and personal property was the trustee's possession. But the defendant's agency was a pretence, and a part of the fraudulent transaction. By trustee process, B is not made the trustee of A's chattels, on the ground that they are A's property, in A's possession, under cover of a fraudulent sale to B, and a fraudulent agency of A. Fraud, in this case, might invalidate the bill of sale and the title founded thereon ; but the fiction of the defendant's agency did not transfer the possession of the defendant's property from the defendant to the trustee so as to make the trustee chargeable for such property in this equitable proceeding. There being no consideration for the conveyance, and the purpose being to defeat the defendant's creditors, the defendant's agency was feigned. The trustee's title and the defendant's agency were a cover which may be removed from the defendant's chattels in the defendant's possession. The trustee cannot be charged for them

if the cover is not removed. Its removal does not show that the simulated agency was a real one.

It is argued that the trustee is estopped to deny his possession and the agency which he set up as a cover for the defendant's property. But the plaintiffs were not induced to change their position by their reliance upon a possession held by the trustee through the agency of the defendant. On the contrary, they brought this suit relying upon the fact that there was no such agency and no such possession. It is a part of the plaintiff's case that such agency and possession, which did not exist if the trustee had no title, were as unreal as his title.

It does not appear that the plaintiffs can, by this process, obtain anything of value from the ox that died in the trustee's possession.

The trustee is liable for costs on the ground of fraud. Gen. St., c. 230, s. 43; *Kent* v. *Hutchins*, 50 N. H. 92.

*Trustee charged for $80 and costs.*

FOSTER, J., did not sit : the others concurred.